CURTIN v. CURTIN et al.

*(Supreme Court, General Term, Second Department.  December 10, 1890.)*

RESULTING TRUSTS—PAYMENT OF PURCHASE MONEY—SPECIFIC PERFORMANCE.

At a sale on foreclosure, plaintiff paid part of the consideration, and procured the title to be conveyed to his brother's wife, without her knowledge. After discovering the fact, she conveyed the property to her husband, who knew all the facts. The mother of plaintiff, with his brother, had a life-estate in the property, under the will of her deceased husband, of which they were executors, and the purchase was made to save for her a life-estate after the foreclosure; the agreement being that plaintiff should pay the money needed, and that the balance should be secured by mortgage on the same, and other property which plaintiff had previously conveyed to his brother. Such mortgage was given by the brother and his wife, and was afterwards paid by plaintiff. *Held*, that the case was not within the provision of 1 Rev. St. N. Y. p. 728, § 51, forbidding resulting trusts upon a grant to one on a consideration paid by another; and that plaintiff was entitled to a conveyance of the property, as a specific performance of the agreement by his brother and wife to convey to him on request. PRATT, J., dissenting.

Appeal from special term, Kings county.

Action by Edward J. Curtin against William H. Curtin and his wife, Carrie F. Curtin, to compel a conveyance to plaintiff of certain real estate. From a judgment for defendants entered on the dismissal of the complaint at the trial, plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. J. Spencer,* for appellant.  *Horace Graves,* for respondent.

BARNARD, P. J.    Margaret Curtin held a life-estate in a piece of real property in Brooklyn, under the will of her husband. There was a mortgage upon it which was foreclosed, and a sale made under the decree. At the sale the plaintiff procured the title to be taken from the referee to Carrie F. Curtin, defendant's wife, and the plaintiff paid the consideration. Carrie F. Curtin was not present at the sale, and had no knowledge that the title was taken in her name. She subsequently discovered this fact, and conveyed the property to her husband, William H. Curtin, who had knowledge of all the facts. The question is whether the plaintiff can get the land.. The plaintiff and the defendant William H. Curtin are brothers, sons of Margaret Curtin and of her deceased husband, under whose will the life-estate was devised to her. They are also both executors of his will. The statute under which the de-

fendant claims to hold the property is as follows: "When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the persons by whom such payment shall be made, but the title shall vest in the persons named as the alienee in such conveyance, subject only to the provision of the next section." 1 Rev. St. p. 728, § 51. That section saves the rights of creditors only, but in this case the interests of the creditors of plaintiff were not affected. The object of the transaction seems to have been to save the property for the mother, and the agreement was that the plaintiff should pay the money needed to meet the terms of sale, and the balance was to be secured by mortgage upon the same and other property. This other property had been deeded by the plaintiff to his brother, the defendant, and had been redeeded to plaintiff. To enable the defendants to execute a mortgage on this, this deed back to plaintiff which was not recorded was mutilated by cutting out the name of the plaintiff as grantee, and thus putting the title back again. The defendants acted under this view of the law of the transaction, gave a new mortgage, and this mortgage the plaintiff subsequently paid in full. The plaintiff went into possession of the premises, and continued there since. I do not think the case one which is covered by the statute. Assuming that the defendant Carrie F. Curtin could keep the title if the plaintiff had paid the whole purchase money, he did not pay but a small per cent in money, and the agreement then comes in between the wife and the two brothers that the plaintiff's property should be mortgaged by them, because they appeared to have the record rights to do so, and that they would convey the property got at the foreclosure sale to the plaintiff on request. The case is one for a specific performance of a contract in equity. Especially is this so where it was part of the agreement that the mother was to have a life-estate in the property after the purchase at the foreclosure sale. It would work a fraud if the contract was not executed as the parties made it, even though it was not in writing. The judgment should be reversed, and a new trial granted, with costs to abide event.

DYKMAN, J., concurs.

PRATT, J., (*dissenting.*) This case comes squarely under the statute forbidding resulting trusts. 1 Rev. St. p. 728, § 51. The plaintiff paid for the land, and directed it to be struck off, and that a deed be delivered to Mrs. Curtin. Such deed was delivered to and accepted by her, and she afterwards deeded the property to the defendant W. H. Curtin; the latter therefore became, and is now, the absolute owner of the premises. So far as appeared, the plaintiff had no interest in the property at the time of the purchase and sale, and Mrs. Curtin had never assumed to bid at the sale, or to take title as against the plaintiff. Whatever may be said of the morality of this transaction, it is clear in law that this action cannot be maintained. Neither of the defendants were guilty of any fraud in procuring the deed from the referee, nor does it appear that any agreement even was made for a reconveyance to the plaintiff. Judgment affirmed, but without costs.